The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 6, 2017, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 6, 2017



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                              )      Case No.  16-11784
                                    )
ANTHONY W. ROBERSON &               )      Chapter 7
JOI N. ROBERSON,                    )
                                    )      Judge Arthur I. Harris
            Debtors.                )

MEMORANDUM OF OPINION[1]

On November 10, 2016, the Court ordered creditor GCB Properties III, Ltd.,

to pay the debtors $1,680 in attorney's fees as damages for willful violation of the

automatic stay.  Rather than pay the debtors $1,680, the creditor advised that it

would instead exercise its right of setoff by crediting the debtors $1,680 toward

postpetition rent the debtors allegedly owed as holdover tenants.  The debtors then

moved for an order holding the creditor in civil contempt for failing to pay the

---

[1] This Opinion is not intended for official publication.

$1,680 as ordered by the Court.  On August 8, 2017, the Court declined to find the creditor in contempt, ruling that the order to pay damages did not clearly exclude the possibility of setoff as a means of satisfying the creditor's obligation under the order.  The case is currently before the Court on the debtors' motion to amend the November 10, 2016, order to clarify that the creditor cannot satisfy its obligation by setting off a purported claim against the debtors for postpetition rent.  For the reasons that follow, the Court grants the debtors' motion and amends the Court's November 10, 2016, order to clarify that the creditor's purported claim for postpetition rent was discharged, leaving the creditor with no claim to set off.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On April 1, 2016, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  On June 28, 2016, the debtors filed a Motion for Sanctions for Violation of Automatic Stay (Docket No. 13) alleging that creditor GCB Properties III, Ltd. dba Cleveland Real Estate Pros.com threatened

2

an eviction action and made related collection efforts against the debtors in violation of the automatic stay. After an evidentiary hearing, the Court issued a Memorandum of Opinion and Order finding the that the creditor had violated the automatic stay (Docket No. 36). The Court ordered the creditor to pay the debtors' attorney's fees in the amount of $1,680, but denied the debtors' request to award noneconomic and punitive damages (Docket No. 37). Neither party appealed the Court's November 10, 2016, order, and the case was closed on December 6, 2016.

On February 1, 2017, the debtors moved to reopen the case for violation of the discharge injunction, and the Court reopened the case on March 2, 2017 (Docket No. 43). On March 14, 2017, the debtors moved for sanctions for violation of the discharge injunction against the creditor (Docket No. 45), but withdrew that motion on May 30, 2017 (Docket No. 54).

On May 1, 2017, the debtors filed a motion to show cause why the creditor should not be found in contempt and sanctioned for failure to pay the $1,680 in attorney's fees (Docket No. 51). Following additional briefing from the parties, the Court made an oral ruling on the record on August 8, 2017. The Court declined to find the creditor in contempt, ruling that the order to pay damages did not clearly exclude the possibility of setoff as a means of satisfying the Court's order. In other words, without clear and convincing evidence of a definite and

3

specific order, there could be no finding of contempt under applicable Sixth Circuit precedent. *See* Docket No. 65. *See also Gascho v. Global Fitness Holdings, LLC*, — F.3d —, No. 17-3577, 2017 WL 5474427 (6th Cir. Nov. 15, 2017) ("The 'definite and specific' requirement guards against arbitrary exercises of the contempt power.").

On August 23, 2017, the debtors filed a motion to amend the Court's November 10, 2016, order to clarify that no right of setoff exists (Docket No. 67). The creditor objected to this motion on September 26, 2017 (Docket No. 69). The Court heard oral argument on October 3, 2017, and the parties agreed to waive further briefing or an evidentiary hearing. The Court then took the matter under advisement.

FACTUAL HISTORY

The factual history recited below is limited to the creditor's claim that it has a right of setoff against the debtors for postpetition rent. The Court's earlier Memorandum of Opinion dated November 6, 2016, contains a more detailed factual history regarding the debtors' claim that the creditor willfully violated the automatic stay (Docket No. 36).

On or about December 30, 2014, the debtors, Joi and Anthony Roberson, entered into a lease with the creditor for property at 4198 W. 62nd Street,

4

Cleveland, Ohio, for rent of $897 per month (Pl.'s Ex. 12; Def.'s Ex. B).

In December 2015, the debtors and the creditor signed a renewal of their lease through January 2017. The debtors received a Notice to Leave Premises on or about February 10, 2016 (Pl.'s Ex. 1). On April 1, 2016, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Although the debtors had other debts, the debtors' main reason for filing bankruptcy at that time was their inability to pay rent and to communicate with their landlord about this issue. The debtors listed a disputed unsecured claim of "Cleveland Real Estate Pros" in the amount of $4,103 for "Rent" on their Schedule E/F. The debtors also listed their residential apartment lease with "Cleveland Real Estate Pros" on their Schedule G and indicated in their Statement of Intention that this lease would not be assumed.

On April 5, 2016, Real Estate Pros.com issued a second Notice to Leave Premises to the debtors (Def.'s Ex. G), and Samantha Simmons sent an email to Joi Roberson stating, in part, "[s]ubmit full payment to avoid going to court and more expenses" (Def.'s Ex. F). On April 27, 2016, the debtors received another email from Samantha Simmons (Pl.'s Ex. 3). Among other things, the email stated that the debtors were "on the IMMEDIATE precipice of eviction" and that the debtors' "inability and/or refusal to pay" was damaging the finances of the

5

landlord. The email stated that if the debtors failed to "respond AND move within no more than 7 days of this message," then Real Estate Pros.com would "take ALL actions available under the law which will include eviction and eventual wage garnishment. To elaborate, [Real Estate Pros.com] will pursue a legal remedy for all the money you owe the owner plus all turnover costs plus any lost rent plus any recoverable legal fees; the damages to the owner are significant" (Pl.'s Ex. 3). The debtors forwarded the April 27, 2016, email to their attorney, but did not respond to this contact from Real Estate Pros.com in any way. Joi Roberson received another email from the creditor on April, 28, 2016, requesting payment of the rent due May 1, 2016 (Pl.'s Ex. 4).

On or about June 20, 2016, the debtors received a "Notice to Leave Premises" from "ColumbusRealEstatePros.com" with a return address of 670 - A Enterprise Dr., Lewis Center, OH 43035 (Pl.'s Ex. 5). "Columbus Real Estate Pros.com" is a certified fictitious name for the creditor (Def.'s Ex. D). At some point, the debtors also received a letter, dated June 25, 2016, from an attorney attempting to collect payment for the creditor (Pl.'s Ex. 6).

The debtors received their discharge on July 13, 2016. Real Estate Pros.com filed an eviction action against the debtors on July 28, 2016, but this action was voluntarily dismissed without prejudice by Real Estate Pros.com on

6

August 22, 2016 (Def.'s Ex. K).

The debtors eventually moved out of the property at 4198 W. 62nd St., Cleveland, Ohio, on September 30, 2016. The debtors paid no rent from April 1, 2016, through September 30, 2016.

The creditor did not pay any sums to the debtors but did credit the debtors' postpetition rental obligation $1,680 (Docket No. 69). The creditor has taken no further action to collect any other sums from the debtors (Docket No. 69).

DISCUSSION

In the November 10, 2016, opinion and order, the Court found that the creditor willfully violated the automatic stay when it (1) caused a Notice to Leave Premises to be delivered to the debtors on or about April 5, 2016; (2) sent an email to Joi Roberson attempting to collect a prepetition debt on April 5, 2016; (3) sent an email to Joi Roberson attempting to collect a prepetition debt on April 27, 2016; (4) caused a Notice to Leave Premises to be delivered to the debtors on or about June 20, 2016; and (5) engaged an attorney who sent a collection letter for prepetition debts to the debtors on or about June 25, 2016. Thus, the debtors were entitled to $1,680 in attorney's fees resulting from the creditor's willful violation of the automatic stay. Neither party appealed the Court's November 10, 2016, order. Nor does either party now seek to amend that

7

order other than the debtors' request that the Court clarify that the creditor cannot satisfy its obligation to pay $1,680 in attorney's fees by setting off a purported claim against the debtors for postpetition rent.

## THE CREDITOR HAS NO POSTPETITION CLAIM TO SETOFF THE ATTORNEY'S FEES.

Although the debtors paid no rent from April 1, 2016, through September 30, 2016, the creditor has no postpetition claim for unpaid rent to set off the awarded attorney's fees. Any debt owed a landlord on a lease deemed rejected by the trustee pursuant to 11 U.S.C. § 365(d)(1), including postpetition rent arrearages, is deemed a prepetition debt under 11 U.S.C. § 365(g)(1). *Miller v. Chateau Communities, Inc. (In re Miller)*, 282 F.3d 874, 876-77 (6th Cir. 2001). Pursuant to section 365(g)(1), the rejection is treated as a breach of the lease that took place immediately prior to the filing of the bankruptcy petition, and the attendant claim for the breach is treated as a prepetition claim. *See 4 Collier on Bankruptcy*, ¶ 502.08[2] at 502-68 (Alan N. Resnick ed., 16 ed., 2016). *See also In re Humbert*, 567 B.R. 512 (Bankr. N.D. Ohio 2017) (analyzing *In re Miller* and related case law and holding that creditor's state court action for postpetition rent constitutes violation of discharge injunction). In addition, a debtor's discharge does not render the debtor liable for postpetition rental

8

payments under 11 U.S.C. § 554. *In re Miller*, 282 F.3d at 876 ("[W]e agree with the district court's analysis that plaintiff's discharge did not render her liable for postpetition rental payments under 11 U.S.C. § 554.").

Under 11 U.S.C. § 365(a), a trustee in a bankruptcy case may assume or reject any unexpired lease of the debtors. Section 365(d)(1) provides as follows:

> In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

Since the trustee did not move to assume or reject the debtors' lease with the creditor, the lease was deemed rejected May 31, 2016, sixty days after the petition was filed.

Although the lease was deemed rejected on May 31, 2016, 11 U.S.C. § 365(g)(1) specifically provides that the rejection is treated as a breach that took place immediately prior to the filing of the bankruptcy petition. This creates a prepetition debt on the part of the debtors that was discharged under section 727(b). Accordingly, the creditor becomes an unsecured creditor with a prepetition claim for damages due to rejection of the lease under section 365(d)(1). *In re Miller*, 282 F.3d at 877.

9

The creditor in this case seeks to fall within a possible exception that the Sixth Circuit identified in *Miller* but deemed inapplicable to the facts in *Miller*. The landlord in *Miller* argued that, notwithstanding the debtor's discharge, the estate's interest in the lease was abandoned to the debtor after discharge and the debtor assumed the obligation on the lease by leaving her mobile home on the landlord's lot. *In re Miller*, 282 F.3d at 878. The Sixth Circuit rejected this argument because the debtor did not use her mobile home or occupy the lot after the rejection of the lease. *Id*. Instead, the debtor moved away before filing for bankruptcy and indicated her intent to abandon the mobile home in her petition. *Id*. Upon filing her petition for relief, the debtor's assets, including the mobile home, became property of the estate. *Id*. (*citing* 11 U.S.C. § 541). Therefore, the Sixth Circuit determined that the landlord could not properly look to the debtor for any obligations associated with the mobile home as it was no longer the debtor's. *Id*. In addition, the mobile home was sold in foreclosure before the bankruptcy case was closed and before any residual property of the estate was abandoned to the debtor under section 554(c). *Id*.

In the present case, the Court rejects the creditor's argument that the debtors assumed the obligation of the lease and are liable for postpetition rent because they remained on the premises after discharge. The Court rejects this argument for

10

several reasons.

First, unless the property is abandoned by the trustee after notice and hearing under 11 U.S.C. § 554(a), or is abandoned on request of a party in interest and after court order under section 554(b), the property is not abandoned to the debtors until the time of closing. 11 U.S.C. § 554(c). *Accord In re Thompson-Mendez*, 321 B.R. 814, 819 (Bankr. D. Md. 2005). The debtors' case was not closed until December 6, 2016 (Docket No. 40), after the debtors had already moved out on September 30, 2016.

The creditor contends that the holding in *In re Werbinski*, 271 B.R. 514, 517 (Bankr. E.D. Mich. 2001) should apply to this case. There, the bankruptcy court held that the automatic rejection of a month-to-month lease pursuant to section 365(d)(1) did not terminate the lease, but rather "effected an abandonment back to the debtors of their rights in the leases." 271 B.R. at 517. Therefore, the landlord was free to pursue remedies in state court, including eviction or the collection of postrejection rents. *Id*. *Werbinski* was decided before the Sixth Circuit's decision in *Miller*, in which the Sixth Circuit held that a claim for postpetition damages for the breach of an unexpired prepetition lease is a prepetition claim that is discharged. To the extent that *Werbinski* suggests a different result, the Court respectfully disagrees. The debtors' case had yet to be

11

closed when they moved out, so there was no abandonment of their interest in the lease.

Second, while there may be some circumstances where debtors and their landlord may be deemed to have entered into a postpetition agreement to assume a lease or tenancy, the facts of this case do not support any such postpetition assumption. *See e.g.*, *Johnson v. Manatee Bay Apartments Corp. (In re Johnson)*, 460 B.R. 328, 328-30 (Bankr. S.D. Fla. 2011) (debtor and landlord were deemed to have entered into a postpetition agreement to assume a lease when the debtor continued to make rental payments accepted by the landlord throughout the bankruptcy proceedings and after the discharge). If the debtors and the landlord were deemed to have entered into a postpetition agreement to assume the lease, then the damages caused by the failure to pay rent would not stem from a rejection of the lease under section 365(g)(1) and would not be deemed to have arisen prepetition. *In re Johnson*, 460 B.R. at 329.

In this case, the debtors were behind on rental payments before they filed for bankruptcy (Docket No. 1, Schedule E/F), did not make any rental payments during bankruptcy, and did not make any rental payments postdischarge. Nor does the creditor argue that it delayed eviction efforts because the debtors offered to make payments. The debtors even indicated on their statement of intent that they

12

did not intend to assume the lease (Docket No. 1).  There is no indication that the creditor agreed to the debtors' continued use of the leased property or entered into a reaffirmation agreement.  Rather, everything in the record suggests that the creditor wanted the debtors evicted.  *See, e.g.,* Notices to Leave Premises (Pl.'s Ex. 1, Pl.'s Ex. 5) and emails stating the debtors were being evicted (Pl.'s Ex. 2, Pl.'s Ex. 3).

This Court agrees with the line of cases that hold that holdover tenants are not liable for postpetition rent simply because they wait for landlords to take the steps to complete an eviction action.  *See Baxter v. Summerfield Inv. Grp., LLC, (In re Baxter)*, No. 14-00386, 2015 WL 6122158 (Bankr. D. Md. Oct. 15, 2015) (creditor's action for postpetition rent, including period when debtor continued to occupy premises, violated the discharge injunction).  If simply remaining on the premises and awaiting eviction were sufficient to justify a postpetition judgment not subject to discharge, then section 502(g) would have little application.

In *Meadows v. Hagler*, *(In re Meadows)*, 428 B.R. 894, 902 (Bankr. N.D. Ga. 2010), the bankruptcy court held that a landlord violated the discharge injunction when he sought to collect a prepetition debt from a debtor who had continued to live in the rental property for fifteen months after filing the petition for bankruptcy.  428 B.R. at 902.  When the debtor filed for bankruptcy,

13

he was three-and-a-half months behind on rent, but the debtor did not schedule the landlord as an unsecured creditor and gave no indication that he intended to have the debt discharged. *Id*. at 899. Because assumption of the lease did not occur, the lease was automatically deemed rejected under section 365(d)(1), and the debtor did not reaffirm any obligation to the landlord under section 524(c). *Id*. at 899. Still, the debtor stayed in the residence and made payments postpetition for fifteen months, which the landlord accepted. *Id*. The debtor never paid off the three-and-a-half month debt, so the landlord sought and obtained a state court judgment against the debtor for the rental obligation. *Id*. at 900. The bankruptcy court held that the landlord sought to collect a prepetition debt in violation of the discharge injunction. *Id*. at 902. The bankruptcy court recognized that the property remained subject to an express lease and that the landlord had not demonstrated the existence of a tenancy at will. *Id*. The lease was only rejected, which constitutes a breach of the lease, not a termination. *Id*. (citing 11 U.S.C. § 365(g)).

A third reason for rejecting the argument that postdischarge rent survives the debtors' discharge is the statutory cap on damages contained in section 502(b)(6). This section, which caps damages resulting from the termination of a lease of real property, contemplates postpetition rent as part of the

14

prepetition claim.  Awarding a separate postpetition claim for rent that survives discharge would be inconsistent with section 502(b)(6).

A fourth reason for rejecting the argument that postdischarge rent survives the debtors' discharge is the special nondischargeability provision for postpetition condominium fees in 11 U.S.C. § 523(a)(16).  If postpetition condominium fees automatically survive discharge because they are a postpetition obligation caused by the debtors' continued ownership interest in the premises after bankruptcy, there would be no need for this special exception to discharge.  Rather, Congress added this provision in 1994 as an exception to the general rule that damages from the rejection of executory contracts and unexpired leases become prepetition claims that are discharged under section 727.  *See 4 Collier on Bankruptcy*, ¶ 523.24 at 523-130 (Alan N. Resnick ed., 16 ed., 2016).

In addition, the record before this Court suggests that the creditor itself is responsible for the failure to take timely action that allowed the debtors to remain on the premises beyond May 31, 2016 – *i.e.*, beyond the 60-days provided for the trustee to assume or reject an unexpired lease of residential real property under 11 U.S.C. § 365(d)(1).  The creditor could have moved for relief from stay shortly after receiving notice of the debtors' bankruptcy.  In addition, the creditor could have sought to have the stay annulled under section 362(d), could have sought

15

expedited relief under section 362(f), or could have sought a determination that any order granting relief from stay have immediate effect under Bankruptcy Rule 4001(a)(3).

CONCLUSION

For the reasons stated above, the Court grants the debtors' motion and amends the Court's November 10, 2016, order to clarify that the creditor's purported claim for postpetition rent was discharged, leaving the creditor with no claim to set off. The Court orders GCB Properties III, Ltd., to pay the debtors' attorney's fees in the amount of $1,680 by December 29, 2017.

IT IS SO ORDERED.