The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 8, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 8, 2018**



Arthur I. Harris
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-11784 |
| | ) | |
| ANTHONY W. ROBERSON & | ) | Chapter 7 |
| JOY N. ROBERSON, | ) | |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtors' motion to show cause and for sanctions based on the refusal of creditor GCB Properties III, Ltd., to comply with an order dated December 6, 2017, requiring the creditor to pay the debtors' attorney's fees in the amount of $1,680 by December 29, 2017. That order is the subject of an appeal before the Bankruptcy Appellate Panel for the Sixth Circuit; however, the creditor has not sought a stay of that order pending

---

[1] This Opinion is not intended for official publication.

appeal. Absent an order granting a stay pending appeal and for the reasons that follow, the Court imposes a civil contempt sanction against the creditor of $100 per day for every day after March 30, 2018, that the creditor fails to pay the $1,680 in attorney's fees as previously ordered by this Court.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On April 1, 2016, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On June 28, 2016, the debtors filed a Motion for Sanctions for Violation of Automatic Stay (Docket No. 13) alleging that creditor GCB Properties III, Ltd., dba Cleveland Real Estate Pros.com threatened an eviction action and made related collection efforts against the debtors in violation of the automatic stay. After an evidentiary hearing, the Court issued a Memorandum of Opinion and Order finding that the creditor had violated the automatic stay (Docket No. 36). The Court ordered the creditor to pay the debtors' attorney's fees in the amount of $1,680, but denied the debtors' request to award

2

noneconomic and punitive damages (Docket No. 37). Neither party appealed the Court's November 10, 2016, order, and the case was closed on December 6, 2016.

On February 1, 2017, the debtors moved to reopen the case for violation of the discharge injunction, and the Court reopened the case on March 2, 2017 (Docket No. 43). On March 14, 2017, the debtors moved for sanctions for violation of the discharge injunction against the creditor (Docket No. 45), but withdrew that motion on May 30, 2017 (Docket No. 54).

On May 1, 2017, the debtors filed a motion to show cause why the creditor should not be found in contempt and sanctioned for failure to pay the $1,680 in attorney's fees (Docket No. 51). Following additional briefing from the parties, the Court made an oral ruling on the record on August 8, 2017. The Court declined to find the creditor in contempt, ruling that the order to pay damages did not clearly exclude the possibility of setoff as a means of satisfying the Court's order. In other words, without clear and convincing evidence of a definite and specific order, there could be no finding of contempt under applicable Sixth Circuit precedent. *See* Docket No. 65. *See also Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795 (6th Cir. 2017) ("The 'definite and specific' requirement guards against arbitrary exercises of the contempt power.").

On August 23, 2017, the debtors filed a motion to amend the Court's November 10, 2016, order to clarify that no right of setoff exists (Docket No. 67). The creditor objected to this motion on September 26, 2017 (Docket No. 69). The Court heard oral argument on October 3, 2017, and the parties agreed to waive further briefing or an evidentiary hearing. On December 6, 2017, the Court amended the November 10, 2016, order to clarify that the creditor's purported claim for postpetition rent was discharged, leaving the creditor with no claim to set off (Docket No. 70). The Court ordered the creditor to pay the debtors' attorney's fees in the amount of $1,680 by December 29, 2017.

On December 20, 2017, the creditor filed an appeal of the December 6, 2017, order with the Bankruptcy Appellate Panel for the Sixth Circuit. The creditor has not sought a stay of that order pending appeal.

On January 22, 2018, the debtors filed a motion to show cause and for sanctions based on the refusal of the creditor to pay the attorney's fees (Docket No. 79). The creditor objected to this motion on February 6, 2018 (Docket No. 83). On February 27, 2018, the Court held a hearing on the debtors' motion and the creditor's objection. The Court indicated that the debtors' motion would be granted and that the Court would issue an order.

DISCUSSION

This Court has inherent authority to impose sanctions on offending parties and counsel. *See, e.g., Mapother & Mapother, PSC v. Cooper (In re Downs),* 103 F.3d 472, 477 (6th Cir. 1996) ("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."); *In re Walker,* 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001); *In re French Bourekas, Inc.,* 175 B.R. 517, 525 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court possesses power to impose sanctions as inherent authority and by virtue of 11 U.S.C. § 105(a)). A Court must be careful when considering whether to impose sanctions. "When a court metes out a sanction, it must exercise such power with restraint and discretion. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). The sanction levied must thus be commensurate with the egregiousness of the conduct." *In re Downs,* 103 F.3d at 478. One option for imposing sanctions is through a civil contempt hearing.

> [C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.

*International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994). "Contempt proceedings enforce the message that

5

court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003).

*Legal Standard for Imposing Civil Contempt Sanctions*

Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure govern contempt proceedings in bankruptcy courts. When a party fails to abide by a court order, another party in the proceeding may move the court to hold the non-compliant party in contempt. "[T]he movant must produce clear and convincing evidence that shows that '[the non-compliant party] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Gary's Elec. Serv. Co.,* 340 F.3d at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir. 1987)). *Accord Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996); *In re Walker,* 257 B.R. at 497. "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.,* 340 F.3d at 379 (citing *United States v. Rylander,* 460 U.S. 752, 757 (1983)). When evaluating whether the

6

non-compliant party was unable to comply, the court considers whether the party "'took all reasonable steps within [his] power to comply with the court's order.'" *Gary's Elec. Serv. Co.,* 340 F.3d at 379 (quoting *Peppers v. Barry,* 873 F.2d 967, 968 (6th Cir. 1989)).

The Court understands that the creditor does not want the appeal to become moot by paying the $1,680 in attorney's fees ordered in the December 6, 2017, order. The Court respects that decision. However, the proper procedure is to seek a stay pending appeal pursuant to Bankruptcy Rule 8007. The Court will likely approve a motion for a stay provided the creditor posts an appeal bond or other security to assure that, if the appeal is unsuccessful, sufficient funds will be available to pay the amount previously ordered—$1,680, plus any additional attorney's fees that may be awarded in defending this Court's award of $1,680 in attorney's fees on appeal.

## CONCLUSION

Absent an order granting a stay pending appeal and for the reasons stated above, the Court imposes a civil contempt sanction against the creditor of $100 per

day for every day after **March 30, 2018**, that the creditor fails to pay the $1,680 in attorney's fees as previously ordered by this Court.

IT IS SO ORDERED.